UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE WASHINGTON,

        Appellant,                Case No. 2:25-cv-11756

v.                                      Honorable Susan K. DeClercq
                                         United States District Judge

DAVID WM RUSKIN, *Trustee*, and
RIVER PARK PLACE CONDOMINIUM
ASSOCIATION,

        Appellees.
_____/

**OPINION AND ORDER DENYING APPELLANT'S MOTION TO CONSOLIDATE CASES (ECF No. 9), DENYING AS MOOT APPELLANT'S FIRST MOTION FOR EXTENSION OF TIME TO FILE BRIEF (ECF No. 13), GRANTING IN PART APPELLANT'S AMENDED MOTION FOR EXTENSION OF TIME TO FILE BRIEF (ECF No. 14), AND SETTING BRIEFING SCHEDULE**

        This case is before this Court on Appellant Jimmie Washington's requests to (1) consolidate this case with two other bankruptcy appeals that he filed (each of which also involves a cross appeal), and (2) set a new briefing schedule after deciding his consolidation motion. As explained below, Washington's motion to consolidate will be denied, but his motion for a new briefing schedule will be granted.

## I. BACKGROUND

From 2021 to 2024, Debtors Leonard Johnson and Rahjinah Johnson were involved in state court litigation against Appellee River Park Place Condominium Association ("the Association").[1] *See* ECF No. 9 at PageID.722–23. A settlement in that matter was reached and placed on the record on April 8, 2024. *In re Johnson*, No. 24-51353, 2025 WL 1920452, at *2 (Bankr. E.D. Mich. July 11, 2025). But eight months later, both Leonard and Rahjinah filed petitions for Chapter 13 bankruptcy. *See id.* at *3.

In January 2025, the Association timely filed claims[2] in both Leonard and Rahjinah's bankruptcy cases for the state court settlement amount plus interest. *See id.* But in February 2025, Appellant Jimmie Washington—the attorney who represented Leonard and Rahjinah in the state court litigation—objected to the

---

[1] Although the Association was originally named as a Defendant in the state court litigation (along with Leonard and Rahjinah), the Association was later "substituted as a plaintiff in place of the original four individual plaintiffs." ECF No. 11 at PageID.754.

[2] In the context of a bankruptcy proceeding, a claim is any right to payment that a creditor holds against a debtor. *See* Erin Berry, Note, *Bankruptcy Law—A Battle of Two Acts:* Midland Funding, LLC v. Johnson, 137 S. Ct. 1407 (2017), 18 WYO. L. REV. 237, 242 (2018). "A proof of claim is a written statement of a creditor's claim" in a bankruptcy case. FED. R. BANKR. P. 3001(a). Filing a proof of claim allows a creditor to recover the debt owed by the debtor from the bankruptcy estate. *See* Berry, *supra* note 2 at 242.

Association's claims in both cases, despite not representing either debtor in bankruptcy court and having "no pecuniary interest" in either case. *Id.* at *3–4.

At a claim objection hearing on April 10, 2025, the Bankruptcy Court "denied/overruled" Washington's objections to the Association's claims. *Id.* at *4. The Bankruptcy Court reasoned that Washington's objections were barred by the *Rooker-Feldman* doctrine and, even if it were not, Washington lacked standing to pursue an objection to the Association's claims against Leonard and Rahjinah. *Id.* at *4–6. A few weeks later, the Association filed a motion for sanctions against Washington in both Leonard and Rahjinah's bankruptcy cases. *Id.* at *6. While the Association's motions for sanctions were pending, the Bankruptcy Court confirmed Leonard's Chapter 13 plan.[3] *See* ECF No. 1 at PageID.6–7.

On June 12, 2025, Washington filed this appeal of the Bankruptcy Court's order confirming Leonard's Chapter 13 plan. *See* ECF No. 1. In the month that followed, the Bankruptcy Court granted in part the Association's motions for sanctions against Washington in both Leonard and Rahjinah's bankruptcy cases, issuing nearly identical opinions in each case. *Compare In re Johnson*, 2025 WL 1920452, *with In re Johnson*, No. 24-51360, 2025 WL 1920450 (Bankr. E.D. Mich. July 11, 2025).

---

[3] It appears from the bankruptcy court record that Rahjinah's chapter 13 case was dismissed on July 18, 2025.

- 3 -

Washington appealed both orders, and the Association—which sought more severe monetary sanctions—filed cross appeals of both orders. The following table illustrates the details of all five appeals currently before this Court:

| Underlying Bankruptcy Case | Appeal filed by | Bankruptcy Court Order Appealed | District Court Case Number |
|---|---|---|---|
| *In Re Leonard Johnson* | Jimmie Washington | 5/28/25 Order Confirming Chapter 13 Plan | **25-11756** *Washington v. Ruskin and River Park Place Condominium Association* |
| *In Re Leonard Johnson* | Jimmie Washington | 7/11/25 Sanctions Order | **25-12340** *Washington v. Leonard Johnson and River Park Place Condominium Association* |
| *In Re Leonard Johnson* | River Park Place Condominium Association | 7/11/25 Sanctions Order | **25-12419** *Washington v. Leonard Johnson and River Park Place Condominium Association* |
| *In Re Rahjinah Johnson* | Jimmie Washington | 7/11/25 Sanctions Order | **25-12361** *Washington v. River Park Place Condominium Association* |
| *In Re Rahjinah Johnson* | River Park Place Condominium Association | 7/11/25 Sanctions Order | **25-12418** *Washington v. River Park Place Condominium Association* |

Washington now seeks to consolidate all five appeals he filed stemming from Leonard and Rahjinah's bankruptcy cases. ECF No. 9. He also seeks to extend the briefing deadline and stay any briefing obligations in this case until his consolidation

motion is decided. ECF Nos. 13; 14. The Association does not oppose consolidation of the four appeals and cross-appeals regarding the July 11, 2025 sanction orders. *See* ECF No. 11 at PageID.757. But the Association asserts that Washington's appeal of the May 28, 2025 Order confirming Leonard's Chapter 13 Plan is entirely independent from the sanction orders and should be treated as such. *Id.*

## II. MOTION TO CONSOLIDATE

Under Bankruptcy Rule 8003, "[w]hen parties have separately filed timely notices of appeal, the district court or [Bankruptcy Appellate Panel] may join or consolidate the appeals." FED. R. BANKR. P. 8003(b)(2).

Here, consolidation of the Plan Confirmation Appeal with the Sanctions Appeals is not appropriate as it shares no similar questions of fact or law with the Sanctions Appeals. *See Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 572 (E.D. Mich. 2011) ("When cases involve *some* common issues but individual issues predominate, consolidation should be denied." (collecting cases)). Indeed, the sanctions dispute was not resolved until *after* Lenoard's Chapter 13 Plan was confirmed by the Bankruptcy Court. And although the procedural history and legal analysis underlying the plan confirmation is necessarily relevant to the sanctions order, the two involve different inquires on appeal. Moreover, the Association argues there may be a threshold question about Washington's standing to bring the Plan Confirmation Appeal that does not exist in the Sanctions Appeals. In this way, it

appears that there the Confirmation Appeal may present issues that are independent of the issues presented in the Sanctions Appeals.

Accordingly, Washington's motion to consolidate appeals, ECF No. 9, will be denied to the extent it seeks to consolidate the Plan Confirmation Appeal with the Sanctions Appeals.

### III. MOTION TO EXTEND BRIEFING SCHEDULE

As to Washington's amended motion to extend the briefing schedule for 30 days after this Court issues a decision regarding appeal consolidation, ECF No. 14, that motion will be granted,[4] and the Court will set a new briefing schedule. *See* FED. R. BANKR. P. 8018(a) (authorizing the district court to set a different appellate briefing schedule).

### IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Appellant's Motion to Consolidate Cases, ECF No. 9, is **DENIED**;[5]

---

[4] On September 25, 2025, Washington filed a motion seeking to stay and adjourn the briefing schedule. ECF No. 13. Later that same day, he filed an amended version seeking the same relief. ECF No. 14. Because the amended motion, ECF No. 14, supersedes the earlier motion, ECF No. 13, the earlier motion will be denied as moot.

[5] To the extent that consolidation of the two appeals and two cross-appeals regarding the July 11, 2025 sanctions order might be appropriate, that issue will be addressed during a forthcoming status conference in those cases, separate from any order issued in *this* case, which concerns only Washington's appeal of the May 28, 2025 confirmation of Leonard's Chapter 13 Plan.

2. Appellant's Motion to Extend Time and Stay of Briefing Deadlines, ECF No. 13, is **DENIED AS MOOT**;

3. Appellant's Amended Motion to Extend Time and Stay of Briefing Deadlines, ECF No. 14, is **GRANTED**; and

4. The following briefing schedule will apply in this case only (Plan Confirmation Appeal):

| Brief | Due Date |
| --- | --- |
| Appellant's Brief | Friday, November 14, 2025 |
| Appellee's Brief | Monday, December 15, 2025 |
| Appellant's Reply Brief | Friday, January 2, 2026 |

**This is not a final order and does not close the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 17, 2025